UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**ALBERT THOMAS SPRINGFIELD, SR.**                                                      **PLAINTIFF**

v.                                                                        **CIVIL ACTION NO. 4:12CV-P22-M**

**THE COMMONWEALTH OF KENTUCKY** *et al.*                                **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

Plaintiff Albert Thomas Springfield, Sr., filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

**I.**

Plaintiff is a pretrial detainee currently incarcerated in the Hopkins County Jail. As Defendants, he names the Commonwealth of Kentucky, the City of Madisonville, and Hopkins County. He alleges a void indictment and malicious prosecution "by the Commonwealth of Kentucky Hopkins County Circuit Court Madisonville, Kentucky."

Factually, Plaintiff reports that on August 30, 2011, the "Commonwealth of Kentucky Hopkins County Madisonville Kentucky" indicted him on charges of first-degree trafficking in a controlled substance and first-degree persistent felony offender (Indictment No. 11-CR-239). On September 15, 2011, he was arrested and placed in Hopkins County Jail. Plaintiff claims that the Commonwealth failed to summon or subpoena the confidential information; that "there is no event stated on case history that a grand jury hearing was set for the plaintiff to be listed for the session"; that there are no transcripts of the grand jury; and that the indictment was returned by the grand jury when no court was in session. The only witnesses listed, reports Plaintiff, were

law enforcement agents. Plaintiff alleges that the "Commonwealth of Kentucky and Public Advocacy of Hopkins County Madisonville, Kentucky are conspiring together to maliciously prosecute the Plaintiff in Hopkins County Circuit Court."

As relief, Plaintiff seeks "release from malicious prosecution, dismissal of indictment, release from custody from void indictment" and $500,000 in damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take

all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two allegations are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). First, "a plaintiff must allege the violation of a right secured

3

by the Constitution and laws of the United States," *West v. Atkins*, 487 U.S. 42, 48 (1988), and second, he "must show that the alleged deprivation was committed by a person acting under color of state law." *Id.* "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Commonwealth of Kentucky

The Court will dismiss the claims against the Commonwealth of Kentucky on two bases. First, a state is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Second, the Eleventh Amendment[1] bars the claims. A state may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

---

[1] The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

### B. City of Madisonville and Hopkins County

Municipalities, such as the City of Madisonville and Hopkins County, are persons subject to suit under § 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) ("Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies.").

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, Plaintiff's bare and conclusory assertion that the "Commonwealth of Kentucky and Public Advocacy of Hopkins County Madisonville, Kentucky are conspiring together to maliciously prosecute the Plaintiff in Hopkins County Circuit Court" fails to establish any policy or custom, especially given that the Department of Public Advocacy is not a municipal department and is not a "person" subject to suit under § 1983.[2]  Plaintiff has not alleged a policy or custom implemented or endorsed by either the City of Madisonville or Hopkins County or that anyone acted pursuant to a governmental policy or custom in causing his alleged harm.  The complaint, therefore, fails to establish a basis of liability against the City of Madisonville and Hopkins County and fails to state a cognizable § 1983 claim.

**C. Immediate release**

To the extent Plaintiff seeks immediate release, a § 1983 claim cannot lie.  Rather, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Because Plaintiff has not yet been convicted, he must file a writ of habeas corpus pursuant to 28 U.S.C. § 2241, to the extent applicable, following exhaustion of available state remedies.  *See generally Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. at 489-91 (stating in a § 2241 action that "[t]he exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and

---

[2]The Department of Public Advocacy is an independent agency of state government, *see* Ky. Rev. Stat. Ann. § 31.010, and it is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of § 1983.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'").

For the reasons set forth more fully above, the Court will enter a separate Order dismissing this action.

Date: July 2, 2012

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
          Hopkins County Attorney
          Attorney General, Commonwealth of Kentucky
4414.005